IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| DONNIE LEE YOUREE,<br>　　Petitioner, | §<br>§<br>§ | |
| VS. | § | Civil Action No. 4:10-CV-935-Y |
| | § | |
| REBECCA TAMEZ, WARDEN,<br>FCI-FORT WORTH,<br>　　Respondent. | §<br>§<br>§ | |

### FINDINGS, CONCLUSIONS, AND RECOMMENDATION
### OF THE UNITED STATES MAGISTRATE JUDGE
### AND NOTICE AND ORDER

This cause of action was referred to the United States Magistrate Judge pursuant to the provisions of 28 U.S.C. § 636(b), as implemented by an order of the United States District Court for the Northern District of Texas. The Findings, Conclusions, and Recommendation of the United States Magistrate Judge are as follows:

### I. FINDINGS AND CONCLUSIONS

#### A. NATURE OF THE CASE

This is a petition for writ of habeas corpus by a federal prisoner pursuant to 28 U.S.C. § 2241.

#### B. PARTIES

Petitioner Donnie Lee Youree, Reg. No. 91069-020, is a federal prisoner incarcerated in FCI-Fort Worth in Fort Worth, Texas.

Respondent Rebecca Tamez is Warden of FCI-Fort Worth.

#### C. PROCEDURAL HISTORY

On January 14, 2003, pursuant to a plea agreement, petitioner pleaded guilty to one count of possession of a firearm by a convicted felon, in violation of 18 U.S.C. § 922(g), in the United States

District Court for the Middle District of Georgia, Macon Division. *See United States v. Youree*, U.S. Pacer, Criminal Docket for Case No. 5:02-CR-62-HL-1, docket entry #21. On March 27, 2003, petitioner, who had three qualifying violent felony convictions in Bibb County, Georgia, was sentenced as an armed career offender to a term of 200 months' imprisonment under 18 U.S.C. § 924(e). *Id.* docket entry #24.

On July 13, 2009, petitioner filed a motion to reduce his sentence under 18 U.S.C. § 3582, which was denied on July 21, 2009. *Id.* docket entry #29 & #30. Thereafter, on September 14, 2009, petitioner filed a motion under 28 U.S.C. § 2255, challenging his sentence on the basis that, on June 3, 2009, his Bibb County conviction for voluntary manslaughter was vacated by the Superior Court of Bibb County. Thus, he urged he no longer qualified as an armed career offender under 18 U.S.C. § 924(e). *Id.* docket entry #31. The motion was denied on April 7, 2010, as untimely under the one-year limitations period in 28 U.S.C. § 2255(f)(4), among other reasons. *Id.* docket entry #36. Petitioner appealed the denial, but the appeal was dismissed for failure to pay the filing fee. *Id.* docket entry #47.

Petitioner filed this federal petition under § 2241 in this division, where he is currently incarcerated, wherein he challenges his sentence as a career offender on the same argument raised in his § 2255 motion. The government has filed a response seeking dismissal of the petition for lack of jurisdiction. (Resp't Resp. at 5-11)

### D. DISCUSSION

As in petitioner's § 2255 motion, in an effort to have his sentence vacated and his case remanded for resentencing, he alleges he is actually innocent of being a career offender because his Bibb County conviction for voluntary manslaughter was vacated. Without that prior offense, he argues he no longer qualifies as a career offender. He believes his claim is not cognizable in a

or successive § 2255 motion and relies on the Supreme Court decision of *Begay v. United States*, 553 U.S. 137 (2008), and the savings clause under 28 U.S.C. § 2255(e) to raise his claim under § 2241.

Typically, § 2241 is used to challenge the manner in which a sentence is executed. *Warren v. Miles*, 230 F.3d 688, 694 (5th Cir. 2000). Section 2255 is the primary means under which a federal prisoner may collaterally attack the legality of his conviction or sentence. *Cox v. Warden, Fed. Det. Ctr.*, 911 F.2d 1111, 1113 (5th Cir. 1990). A § 2241 petition attacking a federally imposed sentence may be considered if the petitioner establishes that the remedy under § 2255 is inadequate or ineffective to test the legality of his detention. *Tolliver v. Dobre*, 211 F.3d 876, 877 (5th Cir. 2000). The burden of demonstrating the inadequacy of the § 2255 remedy rests with the petitioner. *Jeffers v. Chandler*, 253 F.3d 827, 830 (5th Cir. 2001). In order to meet his burden, petitioner must show that (1) his claim is based on a retroactively applicable Supreme Court decision, (2) his claim was foreclosed by circuit law at the time when the claim should have been raised in his trial, appeal, or first § 2255 motion, and (3) that retroactively applicable decision establishes that he may have been convicted of a nonexistent offense. *Garland v. Roy*, 615 F.3d 391, 394 (5th Cir. 2010); *Reyes-Requena v. United States*, 243 F.3d 893, 904 (5th Cir. 2001). The inability to meet these requirements does not render § 2255 inadequate or ineffective. *Henderson v. Haro*, 282 F.3d 862, 863 (5th Cir. 2002). Moreover, § 2255 is not inadequate merely because a prisoner is unable to meet the requirements for bringing a § 2255 motion. *Tolliver*, 211 F.3d at 877 (petitioner attempting to circumvent the restriction on filing successive § 2255 motions). Thus, the fact that petitioner is barred under the statute of limitations from bringing his motion under § 2255 does not render the § 2255 remedy inadequate. *Id.* Petitioner cannot rely on § 2241 to avoid procedural hurdles presented under § 2255, such as the one-year statute of limitations or the restriction on filing second or successive motions to vacate. *Jeffers*, 253 F.3d at 830 (holding that prior unsuccessful § 2255

3

motion or the inability to meet the statute's second or successive requirement does not make § 2255 inadequate or ineffective); *Pack v. Yusuff*, 218 F.3d 448, 453 (5th Cir. 2000) (citing *Toliver*, 211 F.3d at 878 (holding that prior, unsuccessful § 2255 motion, the limitations bar, and successiveness do not render the § 2255 remedy inadequate or ineffective). Moreover, to the extent petitioner alleges he is actually innocent of being a career offender, the Fifth Circuit has held that a claim of actual innocence of a career offender enhancement is not a claim of actual innocence of the crime of conviction and, thus, does not warrant review under § 2241. *Kinder v. Purdy*, 222 F.3d 209, 213-14 (5th Cir. 2000).

## II. RECOMMENDATION

Based on the foregoing, it is recommended that the petition for writ of habeas corpus under § 2241 be dismissed for lack of jurisdiction.

## III. NOTICE OF RIGHT TO OBJECT TO PROPOSED FINDINGS, CONCLUSIONS AND RECOMMENDATION AND CONSEQUENCES OF FAILURE TO OBJECT

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 10 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). The court is extending the deadline within which to file specific written objections to the United States Magistrate Judge's proposed findings, conclusions, and recommendation until September 12, 2011. In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the

aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

## IV. ORDER

Under 28 U.S.C. § 636, it is ordered that each party is granted until September 12, 2011, to serve and file written objections to the United States Magistrate Judge's proposed findings, conclusions, and recommendation. It is further ordered that if objections are filed and the opposing party chooses to file a response, a response shall be filed within seven (7) days of the filing date of the objections.

It is further ordered that the above-styled and numbered action, previously referred to the United States Magistrate Judge for findings, conclusions, and recommendation, be and hereby is returned to the docket of the United States District Judge.

SIGNED August __22__, 2011.

_____
JEFFREY L. CURETON
UNITED STATES MAGISTRATE JUDGE